(203 P.3d 735)

No. 99,380

STATE OF KANSAS, *Appellee*, v. EMILIANO PEREZ-RIVERA, *Appellant*.

—

Opinion filed March 27, 2009.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Carey L. Fleske*, assistant county attorney, *Douglas A. Matthews*, county attorney, and *Stephen N. Six*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT and HILL, JJ.

RULON, C.J.: Defendant Emiliano Perez-Rivera was convicted of felony domestic battery. On appeal the defendant contends there was insufficient evidence to support his conviction and the district court erred when giving an *Allen*-type instruction to the jury which included the statement "another trial would be a burden

on both sides." See *Allen v. United States,* 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896). We reverse.

The defendant was charged with aggravated assault in violation of K.S.A. 21-3410(a), felony domestic battery in violation of K.S.A. 21-3412a(b)(3), and criminal damage to property in violation of K.S.A. 21-3720(a)(1). The defendant's wife, Wendy, testified that on February 27, 2007, the date of the alleged altercation, she was living with the defendant and they had been married for 2½ years. However, Wendy did not state how old she was at the time of the incident, nor did the State present any direct evidence concerning Wendy's age.

The defendant took the witness stand in his own defense and testified, among other things, he was 30 years old, he had married Wendy in a ceremony in Las Vegas, they had been married for 2½ years, and they were living together at the time of incident.

Ultimately, the jury found the defendant guilty of domestic battery but acquitted him of the aggravated assault and criminal damage to property charges.

## Sufficiency of the Evidence

The defendant argues the State presented insufficient evidence to convict him of domestic battery because the State failed to put on evidence to show Wendy was 18 years of age or older when the alleged incident took place. The State concedes it failed to put on direct evidence of Wendy's age, but argues the jurors could have inferred Wendy was 18 years old or older based on her appearance, demeanor, and testimony at trial, as well as defendant's testimony at trial.

In *State v. Gutierrez,* 285 Kan. 332, 336, 172 P.3d 18 (2007), our Supreme Court stated:

"When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt."

"A conviction can be sustained only upon evidence which proves every element of a crime beyond a reasonable doubt." *State v. Star,* 27 Kan. App. 2d 930, 934, 10 P.3d 37 (2000).

K.S.A. 21-3412a(a)(1) defines "domestic battery" as "[i]ntentionally or recklessly causing bodily harm by a family or household member against a family or household member." K.S.A. 21-3412a(c)(1) defines "family or household member," as used in the crime of domestic battery, as

"persons 18 years of age or older who are spouses, former spouses, parents or stepparents and children or stepchildren, and persons who are presently residing together or who have resided together in the past, and persons who have a child in common regardless of whether they have been married or who have lived together at any time. Family or household member also includes a man and woman if the woman is pregnant and the man is alleged to be the father, regardless of whether they have been married or have lived together at any time."

The jury was instructed that in order to find the defendant guilty of domestic battery, the State had to prove beyond a reasonable doubt that (1) the defendant intentionally caused bodily harm to Wendy; (2) the defendant and Wendy were family or household members; and (3) the act occurred on or about February 27, 2007, in Barton County, Kansas. The jury was further instructed family or household member meant persons 18 years of age or older who are spouses.

Clearly, the plain language of K.S.A. 21-3412a required the State to prove beyond a reasonable doubt that, among other things, Wendy was 18 years of age or older when the alleged incident occurred. If there was no evidence presented which went to prove this element, then defendant's conviction must be reversed.

The State argues it presented circumstantial evidence which satisfied this element, pointing to the fact both Wendy and the defendant testified they had been married for 2½ years, and defendant stated the marriage ceremony took place in Las Vegas. Based on this evidence, the State argues the jury could have inferred Wendy was at least 18 years old when the alleged incident occurred because, according to the State, under Nevada law, a person must be at least 16 years old to marry. See Nev. Rev. Stat. § 122.020 (2004). The State assumes the jurors had personal knowledge of Nevada's marriage laws because the State failed to present any evidence at trial addressing this issue. The State further argues, based on Wendy's appearance and demeanor at trial, the jury could

have concluded that she was 18 years old at the time of the incident.

The State's arguments must be rejected. First, while it is true that a conviction may be sustained by circumstantial evidence, see *State v. Garcia*, 285 Kan. 1, 22, 169 P.3d 1069 (2007), guilt may never be based on inference alone. Reasonable presumptions and inferences may be drawn from facts established by direct or circumstantial evidence, but a presumption may not be based upon a presumption or an inference upon an inference. *State v. Doyle*, 201 Kan. 469, Syl. ¶ 8, 441 P.2d 846 (1968). A jury simply cannot speculate or infer through its own observations or personal knowledge that an element of a crime has been proven. The State must put on evidence, circumstantial or direct, that establishes every element necessary to sustain a guilty verdict. *Star*, 27 Kan. App. 2d at 935.

In *Star*, a panel of this court had to determine whether there was sufficient evidence to sustain Star's conviction for the sale of cocaine within a 1,000 feet of a school. At Star's jury trial, the State failed to put on evidence that Hickok School, the building in question, located in the town of Ulysses in Grant County, was used by a unified school district or an accredited nonpublic school for student instruction, attendance, or extracurricular activities—an essential element of K.S.A. 65-4161(d). The State argued because all the jurors were from Grant County, they could infer, based on personal knowledge, Hickok School satisfied the statutory definition. This court rejected the State's argument, holding the State was required to put on evidence that showed Hickok School fell within the statutory definition of K.S.A. 65-4161(d). Furthermore, the court held where such evidence is lacking, "a jury cannot be allowed to speculate or infer through its own observations the structure complies with the statutory definition of a school." *Star*, 27 Kan. App. 2d at 936.

Here, the State is making the same argument as was made in *Star*, contending the jury should be allowed to infer through its own observations, of Wendy's physical appearance and demeanor at trial, and personal knowledge, assuming the jurors knew about Nevada's marriage laws, that Wendy was 18 years of age when the

alleged incident occurred. Simply put, the jurors could not make an inference concerning Wendy's age based on their personal knowledge or observations; a juror's inference can only be based on evidence presented at trial. Because the State failed to put on evidence to show Wendy was 18 years old when the incident occurred, the defendant's conviction for domestic battery must be reversed.

### *Allen* Instruction

Because the defendant's conviction is reversed for insufficient evidence we need not consider the defendant's contention the *Allen* instruction was improperly given to the jury.

The defendant's conviction of felony domestic battery is reversed.