(264 P.3d 1055)
No. 105,435

STATE OF KANSAS, *Appellee,* v. DAMON T. HARRIS, *Appellant.*

Opinion filed November 10, 2011.

*Cecilia T. Mariani*, of Topeka, for appellant.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., BUSER, J., and KNUDSON, S.J.

KNUDSON, J.: Damon T. Harris appeals his conviction for domestic battery in violation of K.S.A. 2009 Supp. 21-3412a. For the reasons that follow, we reverse Harris' conviction for domestic battery, setting aside the sentence imposed and the fine that was levied. However, we remand this case to the district court with directions that Harris be convicted and sentenced for the crime of battery under K.S.A. 21-3412, a class B person misdemeanor.

On December 19, 2009, Stephanie Kemp and Harris got into an argument inside the residence they shared. During the argument, Harris stomped on Kemp's foot with steel-toe boots. Subsequently, Kemp left the residence and walked to her cousin's nearby residence and called law enforcement. A sheriff's deputy arrived at the scene and spoke to Kemp about the incident. The deputy also noticed that Kemp's left foot was red and swollen with a large bump near the pinky toe. The deputy then spoke with Harris, after which Harris was taken into custody and ultimately charged with domestic battery (second offense), a class A person misdemeanor. See K.S.A. 2009 Supp. 21-3412a(b)(2).

A bench trial was conducted where the State presented the above-mentioned facts. After the State rested, Harris moved for a judgment of acquittal, arguing that the State had failed to present any evidence establishing that Kemp was at least 18 years old when

the incident occurred. The district court denied Harris' motion. Harris then testified in his defense that he did not remember stomping on Kemp's foot but claimed that if he did stomp on her foot, the action was accidental.

At the conclusion of the trial, the district court found Harris guilty of domestic battery. The district court sentenced Harris to an underlying jail term of 12 months and placed him on probation for 12 months with court services. The district court also ordered Harris to pay a fine of $500 pursuant to K.S.A. 2009 Supp. 21-3412a(b)(2) ("If, within five years immediately preceding commission of the crime, a person is convicted of a violation of domestic battery a second time, such person shall be . . . fined not less than $500 nor more than $1,000.").

Harris argues on appeal that his conviction should be reversed because the State failed to present any evidence showing that the victim was 18 years old or older at the time of the alleged incident—an essential element of the crime of domestic battery. The State does not directly confront Harris' argument, but contends that his case should be remanded to the district court with directions that judgment be entered against him for misdemeanor battery and that he receive a new sentence for that crime.

We conclude that Harris' conviction for domestic battery must be reversed because there was no evidence presented at the bench trial establishing that Kemp was at least 18 years old when the incident occurred—an essential element of domestic battery. See K.S.A. 2009 Supp. 21-3412a(a), (c)(1); *State v. Perez-Rivera*, 41 Kan. App. 2d 579, 581, 203 P.3d 735 (2009) (The plain language of K.S.A. 21-3412a requires the State to prove beyond a reasonable doubt that, among other things, the victim was 18 years of age or older when the incident occurred.). However, this conclusion does not end our analysis.

Our Supreme Court has stated that "[w]hen a criminal defendant has been convicted of a greater offense, but evidence supports only a lesser included offense, the case must be remanded to resentence the defendant for the lesser included offense." *State v. Wilt*, 273 Kan. 273, Syl. ¶ 3, 44 P.3d 300 (2002). Thus, the resolution of this appeal depends on whether misdemeanor battery is

a lesser included offense of domestic battery. This raises a question of law subject to unlimited review. See *State v. Gallegos*, 286 Kan. 869, 873, 190 P.3d 226 (2008).

Under K.S.A. 21-3107(2), the defendant may be convicted of either the crime charged or a lesser included crime, but not both. A lesser included crime is a lesser degree of the same crime or a crime where all of the elements of the lesser crime are identical to some of the elements of the crime charged. K.S.A. 21-3107(2)(a) and (b).

Domestic battery is defined as follows: "(1) Intentionally or recklessly causing bodily harm by a family or household member against a family or household member; or (2) intentionally causing physical contact with a family or household member by a family or household member when done in a rude, insulting or angry manner." K.S.A. 2009 Supp. 21-3412a(a). "Family or household member" is defined as

"persons 18 years of age or older who are spouses, former spouses, parents or stepparents and children or stepchildren, and persons who are presently residing together or who have resided together in the past, and persons who have a child in common regardless of whether they have been married or who have lived together at any time. Family or household member also includes a man and woman if the woman is pregnant and the man is alleged to be the father, regardless of whether they have been married or have lived together at any time." K.S.A. 2009 Supp. 21-3412a(c)(1).

In comparison, battery is defined simply as: "(1) Intentionally or recklessly causing bodily harm to another person; or (2) intentionally causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 21-3412(a).

In *State v. Presha*, No. 92,066, 2005 WL 578490 (Kan. App.) (unpublished opinion), *rev. denied* 279 Kan. 1009 (2005), a panel of this court had to determine whether the defendant could be convicted and resentenced for battery after concluding that his conviction for domestic battery could not be affirmed due to insufficient evidence establishing that he and the victim were family or household members (sufficient evidence, however, established that the defendant had battered the victim). In reaching its determination, the panel noted that the only difference between the two

crimes was the added element in the domestic battery statute requiring the physical contact be committed by a " 'family or household member' " against a " 'family or household member.' " *Presha*, 2005 WL 578490, at *3. Thus, the panel concluded that battery was a lesser included offense of domestic battery because all of the elements of battery were identical to some of the elements of domestic battery. Accordingly, the panel concluded that the defendant's conviction for domestic battery should be reduced to battery and that he should receive a new sentence for that crime. *Presha*, 2005 WL 578490, at *2-4.

In *Perez-Rivera* a panel of this court reversed the defendant's conviction for domestic battery after it determined that the State had failed to establish at trial that the victim was 18 years old or older when the altercation occurred. However, after reaching this conclusion, the panel did not address whether the evidence presented at trial established the defendant's guilt for simple battery and, consequently, never considered whether the defendant should be convicted and resentenced for that crime. 41 Kan. App. 2d at 581-83. Therefore, the disposition reached in *Perez-Rivera* does not control the outcome of this case.

We find the panel's decision in *Presha* persuasive and conclude that battery is a lesser included offense of domestic battery. Therefore, we remand this case to the district court with directions that Harris be convicted and sentenced for the crime of battery under K.S.A. 21-3412.

The conviction for domestic battery is set aside, and the cause is remanded with directions to convict and sentence Harris for battery, a Class B person misdemeanor.