NOT DESIGNATED FOR PUBLICATION

No. 115,127

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

TYWANA K. HARMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed February 3, 2017.
Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Cathy A. Eaton*, assistant city attorney, for appellee.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*:  Tywana K. Harms appeals her conviction by the district court for violating the City of Wichita (the City) ordinance against domestic battery by an individual involved in a dating relationship. Harms claims multiple errors occurred:  the City failed to show the victim was over 18 years of age; the district court improperly found the victim was unavailable and admitted his statement to witnesses and the officer in violation of K.S.A. 2015 Supp. 60-460(d); and, finally, the district court committed cumulative error. We find no error by the district court and affirm.

FACTS

On February 13, 2014, Harms was convicted with domestic battery in violation of the City of Wichita, Kansas, Ordinance, sec. 5.10.025(a)(2) (the Ordinance). Specifically, she was charged with "knowingly and in a rude, insolent or angry manner caus[ing] physical contact to [R.L.] a person in a dating relationship with defendant by hitting him with her vehicle causing him to fall." Harms pleaded no contest, the municipal court found her guilty, and sentenced her. Harms appealed to the district court.

Before the district court, Harms waived her right to a jury trial, and the case was tried to the judge. As a preliminary matter at trial, the City indicated R.L. was personally served with a subpoena but failed to appear. The City requested the district court admit R.L.'s statements pursuant to K.S.A. 2015 Supp. 60-460(d). Harms' counsel asked the court reserve its ruling. The district court told the parties it would hear the evidence and determine whether the statements were admissible or should be disregarded. Harms' counsel stated: "And that's fair enough, Your Honor."

Wade McCluer testified he saw a Jeep Cherokee slowing down and saw a man, R.L., fall to the ground but did not see the Jeep make contact with the man because he was texting. Wade's wife, Amanda McCluer, told him the Jeep hit the man. The Jeep left the area. Wade exited his vehicle and asked R.L. if he was okay. Wade testified R.L. walked with a limp, R.L. told him he was sore, the vehicle had hit him, he did not want Wade to call the police, and the driver of the vehicle was his girlfriend. Wade identified Harms as the driver.

Amanda testified she was driving and noticed the car ahead of them moving very slowly. It was approximately 10:30 or 11 p.m., cold, and the McCluers' vehicle was 30 to 100 feet behind the Jeep. Amanda could see the driver in the car arguing with a man walking along the passenger side of the vehicle. She testified she saw the vehicle swerve

a few feet, hit the man, and it appeared to be intentional. Amanda also identified Harms as the driver of the Jeep that left the scene.

Officer Walter Bautista-Montoya investigated the incident. He testified he spoke with the victim, R.L., after speaking with the McCluers.  R.L. told Officer Bautista-Montoya he was dating Harms, they argued, and he got hit with the Jeep. Officer Bautista-Montoya indicated R.L. was uncooperative and indicated he did not want to prosecute Harms because he did not want to get his girlfriend in trouble.

Harms testified she was dating R.L. at the time of the incident and they were still dating at the time of trial. She testified that earlier in the evening and prior to the incident, R.L. had proposed; she said no; and she told R.L. he needed to leave. She testified she followed after him in her vehicle. When she reached the stop sign, her vehicle slid and hit R.L.'s suitcase. Harms testified R.L. told her she had not hit him but he was going to tell the people who were approaching (the McCluers) she did. Harms drove away.

At the conclusion of the evidence, the district court announced it was admitting R.L.'s hearsay statements pursuant to K.S.A. 2015 Supp. 60-460(d). The district court found R.L. was a reluctant witness because he did not want to get his girlfriend in trouble. The court also found R.L. would have appeared if his testimony would have been beneficial for Harms.

The district court found Harms guilty and sentenced Harms to a 12-month jail sentence, suspended all but 5 days to be served with 48 hours in jail and 72 hours on work release. Additionally, the district court imposed a $500 fine and placed Harms on 12 months' probation.

Harms timely appealed.

3

*There was sufficient evidence to support a finding of guilt.*

On appeal, Harms argues the City failed to show R.L. was 18 years old or older, resulting in insufficient evidence to support her conviction. When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the State. A conviction will be upheld if the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015).

In determining whether there is sufficient evidence to support a conviction, the appellate court generally will not reweigh the evidence or the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). It is only in rare cases where the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. See *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

The City charged Harms with domestic battery in violation of the Ordinance. The complaint specifically charged Harms with "knowingly and in a rude, insolent or angry manner caus[ing] physical contact to [R.L.] a person in a dating relationship with defendant by hitting him with her vehicle causing him to fall."

The relevant portions of the Ordinance defines domestic battery as:

> "(a) . . . (2) knowingly causing physical contact by a family or household
> member with a family or household member or knowingly causing physical contact by an
> individual in a dating relationship to an individual with whom the offender is involved or
> has been involved in a dating relationship when done in a rude, insulting or angry
> manner, is guilty of a misdemeanor.

4

"(b) As used in subsection (a) of this section, 'family or household member' means persons 18 years of age or older who are spouses, former spouses, parents or stepparents and children or stepchildren, and persons who are presently residing together or who have resided together in the past, and persons who have a child in common regardless of whether they have been married or who have lived together at any time. Family or household member also includes a man and woman if the woman is pregnant and the man is alleged to be the father, regardless of whether they have been married or have lived together at any time.

"(c) As used in subsection (a) of this section 'dating relationship' means a social relationship of a romantic nature. In addition to any other factors the court deems relevant, the Trier of fact may consider the following when making a determination of whether a relationship exists or existed: nature of the relationship, length of time the relationship existed, frequency of interaction between the parties and the time since termination of the relationship, if applicable." City of Wichita, Kansas, Ordinance, sec. 5.10.025.

Harms argues "the City failed to prove an essential element of Domestic Battery, that the alleged victim was 18 years of age or older." However, the requirement that the victim be 18 years of age or older only appears in the definition of "family or household member." There is no age requirement in the definition of "dating relationship." Based on the plain language of the Ordinance, the victim's age is not an element of the crime when a defendant is charged with domestic battery of an individual with whom the offender is in a dating relationship.

Harms argues the language in the Ordinance is "substantially the same" as K.S.A. 2015 Supp. 21-5414, the statute defining domestic battery:

"(a) Domestic battery is:
    (1) Knowingly or recklessly causing bodily harm by a family or household member against a family or household member; or
    (2) knowingly causing physical contact with a family or household member by a family or household member when done in a rude, insulting or angry manner."

5

Citing *State v. Perez-Rivera*, 41 Kan. App. 2d 579, 581, 203 P.3d 735 (2009), she argues the plain language of the domestic battery statute required the State to prove the victim's age beyond a reasonable doubt—thus, the City must prove R.L.'s age.

While the language of K.S.A. 2015 Supp. 21-5414 is similar to the Ordinance, the difference in how Harms was charged is substantial and fatal to Harms' argument. Under the Ordinance, domestic battery may be committed against a victim with whom the offender is in a dating relationship, while under the Kansas statute, the victim must be a "family or household member" of the offender. Compare K.S.A. 2015 Supp. 21-5414 with the Ordinance. Although K.S.A. 2015 Supp. 21-5414(c)(1) defines "family or household member" as a person 18 years of age or older, it does not contain the extra language contained in the Ordinance involving a dating relationship.

Given the charge presented by the City, there was sufficient evidence to support Harms' conviction. The City had to prove Harms knowingly caused physical contact in a rude, insulting, or angry manner with an individual with whom she was involved or had been involved in a dating relationship. Harms testified she was dating R.L. at the time of the incident and was still dating him at the time of trial. Wade testified the street was in decent condition and was not icy. Amanda testified she saw Harms and R.L. arguing and Harms intentionally swerved her Jeep to hit R.L. Based on this evidence, a rational factfinder could have found Harms guilty beyond a reasonable doubt.

*No Preservation of Her Hearsay Objection*

Harms also argues the district court erred when it allowed hearsay evidence pursuant to K.S.A. 2015 Supp. 60-460(d). In addition, she argues the admission of hearsay violated her right to confront the witness pursuant to the Sixth Amendment to the United States Constitution. The City argues Harms failed to preserve these arguments,

6

R.L.'s statements to the McCluers were not testimonial hearsay, and R.L.'s statements met any of the hearsay exceptions listed in K.S.A. 2015 Supp. 60-460(d).

K.S.A. 60-404 generally precludes an appellate court from reviewing an evidentiary challenge absent a timely and specific objection made on the record. *State v. Dupree*, 304 Kan. 43, 62, 371 P.3d 862, *cert. denied* 137 S. Ct. 310 (2016). Further, a party may not object at trial to the admission of evidence on one ground and argue a different ground on appeal. *State v. Page*, 303 Kan. 548, 558, 363 P.3d 391 (2015). At trial, the City indicated R.L. was personally served but failed to appear for trial. The City then requested the district court to admit into evidence R.L.'s statements to the McCluers and to Officer Bautista-Montoya regarding his state of mind and his perception of what happened. Harms' counsel replied:

> "Your Honor, I am going to ask the Court not to make a finding as of this time because I think there's going to have to be a foundation laid as it relates to the evidence that would support the statute, and I think time and observation would be essential as it relates to that."

The district court determined it would hear the evidence and reserved ruling on its admissibility. Harms did not make any other objections regarding the admission of R.L.'s statements.

Even assuming Harms' counsel's statement was sufficient to preserve the issue, she is not entitled to relief. Harms contends the City's statement indicating R.L. was personally served and failed to appear was insufficient to find R.L. was an unavailable witness because the City "made no record at trial of its attempts to further serve him or any efforts to find him or ascertain his whereabouts when he did in fact fail to appear." However, Harms provides no authority supporting her argument the City's statements were insufficient to find R.L. was an unavailable witness. Failure to support a point with

7

pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue, and the issue is abandoned. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015).

For the first time on appeal, Harms argues the district court erred when it admitted R.L.'s hearsay statements because it violated her rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. However, pursuant to K.S.A. 60-404, a contemporaneous objection must be made to preserve a Confrontation Clause argument. *State v. Dukes*, 290 Kan. 485, 488-89, 231 P.3d 558 (2010). At trial, Harms failed to object to the admission of R.L.'s statements as a denial of her right to confront witnesses against her. She has not preserved this issue for review. Briefly, Harms claims one of the three exceptions apply to allow this court to consider a constitutional question raised for the first time on appeal. See *State v. Spotts*, 288 Kan. 650, 652, 206 P.3d 510 (2009). She then fails to explain which one of the exceptions applies and does not expound on its application. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

In addition, Harms argues R.L.'s hearsay statements do not fall under any of the hearsay exceptions provided by K.S.A. 2015 Supp. 60-460(d):

> "(d) *Contemporaneous statements and statements admissible on ground of necessity generally*. A statement which the judge finds was made (1) while the declarant was perceiving the event or condition which the statement narrates, describes or explains, (2) while the declarant was under the stress of a nervous excitement caused by such perception or (3) if the declarant is unavailable as a witness, by the declarant at a time when the matter had been recently perceived by the declarant and while the declarant's recollection was clear and was made in good faith prior to the commencement of the action and with no incentive to falsify or to distort."

The City argues R.L.'s statements meet every K.S.A. 2015 Supp. 60-460(d) hearsay exception. Again, without citing supporting authority, Harms argues the City's statements regarding R.L.'s failure to appear were insufficient to find him unavailable. Additionally, she argues her testimony that R.L. threatened to tell the McCluers she hit him creates reasonable doubt regarding whether his statements were made in good faith.

We cannot reweigh the evidence, and we must view the evidence in a light most favorable to the City. *Daws*, 303 Kan. at 789; *Laborde*, 303 Kan. at 6. The district court clearly did not believe Harms' testimony. We will not reweigh the evidence. By failing to cite supporting authority, Harms has abandoned the argument that R.L.'s statements were inadmissible under K.S.A. 2015 Supp. 60-460(d). See *Murray*, 302 Kan. at 486. Accordingly, we decline to further address the application of the hearsay exceptions pursuant to K.S.A. 2015 Supp. 60-460(d).

*No Cumulative Error*

Finally, Harms' last argument claims the district court's cumulative error denied her due process. However, we have found no error. Therefore, the record fails to support her cumulative error argument. *State v. Marshall*, 303 Kan. 438, 451, 362 P.3d 587 (2015). This issue is without merit.

Affirmed.