NOT DESIGNATED FOR PUBLICATION

No. 115,461

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HARRY JOSEPH PROVEAUX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed April 21, 2017.
Affirmed.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Joe Shepack*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

*Per Curiam*:  After evidence and argument at a trial to the court, the district judge found Harry Joseph Proveaux guilty of domestic battery as charged. Proveaux appealed, contending both that the State's evidence was insufficient to support his conviction and that the district court abused its discretion when it denied his motion for new trial. For reasons explained below, we disagree and affirm.

FACTS AND PROCEDURAL BACKGROUND

The fundamental facts are neither complicated nor disputed. On May 6, 2015, the State charged Proveaux with domestic battery, a class B misdemeanor, in violation of

1

K.S.A. 2014 Supp. 21-5414. The complaint alleged Proveaux "willfully and intentionally cause[d] physical contact with the person of his wife, [D.P.], . . . in a rude or angry manner." Proveaux pled not guilty and waived his right to a jury trial.

At the bench trial, the State presented two witnesses, the reporting officer and D.P., plus photo exhibits and a written statement. Proveaux chose to testify on his own behalf but did not call any other witnesses. The district court found Proveaux guilty of domestic battery and sentenced him to 180 days in jail, with probation granted for 2 years after serving 2 days. Proveaux filed a motion for acquittal and a motion for new trial. The district court denied both motions and Proveaux timely appealed. Additional undisputed facts are discussed below where required.

ANALYSIS

*Sufficiency of the evidence*

Proveaux's first issue on appeal is his claim that the State's evidence at trial was insufficient to support a conviction for domestic battery. K.S.A. 2014 Supp. 21-5414(a) defines that crime:

> "Domestic battery is:
> "(1) Knowingly or recklessly causing bodily harm by a family or household member against a family or household member; or
> "(2) knowingly causing physical contact with a family or household member by a family or household member when done in a rude, insulting or angry manner."

As used in that section, "family or household member" means:

> "[P]ersons 18 years of age or older who are spouses, former spouses, parents or stepparents and children or stepchildren, and persons who are presently residing together or who have resided together in the past, and persons who have a child in common

2

regardless of whether they have been married or who have lived together at any time."
K.S.A. 2014 Supp. 21-5414(c)(1).

Specifically, Proveaux contends the State failed to present any evidence that D.P. was 18 or older at the time of the incident that led to the charge. Proof of the victim's age is an element of the crime of domestic battery.

When sufficiency of the evidence is challenged in a criminal case, the appellate court reviews all evidence in the light most favorable to the State. A conviction will be upheld if the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on the evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). Appellate courts generally do not reweigh the evidence or assess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). A verdict may be supported by circumstantial evidence if that evidence provides a basis for a reasonable inference by the factfinder regarding the fact in issue. To be sufficient, circumstantial evidence need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

Proveaux relies heavily on the decision of this court in a factually similar case, *State v. Perez-Rivera*, 41 Kan. App. 2d 579, 203 P.3d 735 (2009), to support his argument that there is nothing to which the State can cling to remedy the omitted evidence of age. In *Perez-Rivera* the defendant also was charged with domestic battery and the State also failed to present direct evidence of the age of the alleged victim who, as here, was the defendant's wife.

The State responded that the jury could have found Perez-Rivera's wife was 18 or over at the time of the charged incident based on her "appearance and demeanor at trial," as well as from the testimony of both the defendant and his wife that they had been

3

married for about 2 1/2 years, considered with the defendant's testimony that they were married in Las Vegas, where Nevada law required that a person be 16 to marry.

The panel in *Perez-Rivera* rejected the State's argument, holding that "[a] jury simply cannot speculate or infer through its own observations or personal knowledge that an element of a crime has been proven." 41 Kan. App. 2d at 582. The jurors' collective impression of the victim's age based on her appearance and demeanor, therefore, was not a proper substitute for evidence and, since the State presented no evidence on the law of Nevada concerning that state's marriage age, jurors would had have to rely on their personal knowledge or assumptions to find the element proven. The court acknowledged that:

> "[W]hile it is true that a conviction may be sustained by circumstantial evidence, guilt may never be based on inference alone. Reasonable presumptions and inferences may be drawn from facts established by direct or circumstantial evidence, but a presumption may not be based upon a presumption or an inference upon an inference. [Citations omitted.]" 41 Kan. App. 2d at 582.

Here, the State principally distinguishes *Perez-Rivera* on the basis that this case was heard by the court, not a jury, and the State asserts that reliance on the personal knowledge of the district judge about "some matters of law" is different from reliance on the personal knowledge of jurors. Particularly, the State contends the district judge's knowledge of the drinking age in Kansas could be combined with D.P.'s admission to being in a bar and consuming alcoholic drinks to prove she was 21 or older. Proveaux argues that "testimony . . . that the alleged victim was drinking at a bar or that she had been married for 4 years in and of itself does not prove the element that the alleged victim was at least 18 years old."

This court addressed a similar argument in *State v. McConnell*, No. 103,976, 2011 WL 6413620 (Kan. App. 2011) (unpublished opinion), *rev. denied* 296 Kan. 1133 (2013).

4

There, a defendant challenged his domestic battery conviction, alleging that the State had failed to prove he was 18 at the time of the incident. The State conceded there was no direct evidence to prove the defendant's age but argued that testimony that the defendant had entered and stayed at a local bar was sufficient to prove he was over 21 years old. That panel rejected the State's argument, reasoning that a rational factfinder could not infer the defendant was 21 simply because he entered a bar. The panel noted, "The State does not contend that a minor may not enter an establishment where liquor is sold to adults" and found it "significant that there was no evidence at trial that [the defendant] had consumed any alcohol that night." 2011 WL 6413620, at *2.

The present case is distinguishable from *Perez-Rivera*, where the jury was left without any facts in evidence upon which to infer the age of the victim. D.P. admitted being in a bar and, unlike the situation before the panel in *McConnell*, in this case D.P. also testified she consumed alcohol while there. Further, we do not find it unreasonable to attribute to the district judge a knowledge of the drinking age in this state.

Additionally, Proveaux testified that he and D.P. had been married for "about four years." As with knowledge of the drinking age, we find it reasonable to attribute to a district judge the knowledge that marriage licenses in Kansas generally are issued to people who are at least 18 years old. With certain permissions, however, a license may be granted to those who are 16 or 17 and, in what are assuredly rare situations, a judge may grant permission for the marriage of a 15-year-old. K.S.A. 2016 Supp. 23-2505(c). The fact of Proveaux's marriage to D.P. for about 4 years was in evidence. From that fact, the district judge could infer that, even in the unlikely event that D.P. was 15 at the time of the marriage, she still would have been at least 18 at the relevant time for this case.

The district court here was not required to stack inference upon inference to find support for this element of the crime. The district judge was the factfinder and, viewing the evidence and reasonable inferences in the light most favorable to the State, we find

5

the district court had evidence upon which to find the element of D.P.'s age had been proven.

We note that in its brief the State relied "more significantly" on judicial notice taken by the district court of a protection from abuse (PFA) case filed in that county by D.P. against her husband. At the State's urging, the district court took notice of that case and a divorce case, filed and later dismissed, "for whatever they're worth." Neither case appears in the record. The State attached, as Appendix B to its brief, one page represented to be from D.P.'s PFA filing documents. The State contends the district court's judicial notice of the PFA case necessarily included that page, and the page shows D.P.'s date of birth; therefore, the district judge had the necessary evidence to support the age element.

The document contained in Appendix B of the State's brief gives no indication that it is part of the record for the prior PFA case between D.P. and Proveaux. More importantly, however, the official record for this case contains no documents from that PFA case. The State, therefore, has failed to substantiate the document contained in Appendix B is part of the record, in violation of Kansas Supreme Court Rule 6.03 (2017 Kan. S. Ct. R. 35) ("an appellee's brief may contain an appendix containing limited extracts from the record on appeal for the same purpose and subject to the same limitations prescribed for the appellant's appendix under Rule 6.02"). See Supreme Court Rule 6.02(b) (2017 Kan. S. Ct. R. 34) (appendix is for the court's convenience and is not a substitute for the record itself). See also *State v. Jones*, 287 Kan. 547, Syl. ¶ 4, 198 P.3d 756 (2008) ("Material annexed to an appellate brief by way of an appendix that does not appear in the record on appeal cannot be considered."). For these reasons, we do not consider this argument from the State.

*Denial of motion for new trial*

Proveaux next contends the district court abused its discretion when it denied his motion for new trial. He argues that a new trial should have been granted because his trial counsel failed to call certain witnesses to testify on his behalf.

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

At the hearing on his motion for new trial, Proveaux took issue with his trial counsel's representation, stating: "Well, I had pictures of evidence of markings on me that I asked [my defense counsel] to enter into evidence, and he didn't do that. I had witnesses that I asked him to call, and he didn't call any of them to talk to them." Proveaux added that these uncalled witnesses "[could have] attest[ed] to prior incidents of things like this happening."

Proveaux identified four additional witnesses who he claimed should have testified at his trial. When asked, Proveaux stated that one witness would have testified regarding "[h]ow [D.P.] gets when she's intoxicated." Another witness would have testified to "[p]retty much everything up to the incident about how [Proveaux] tried to get [D.P.] to leave the bar and was being calm and collective and all that stuff." Yet another witness, Proveaux said, would have spoken about how "something like this [incident] had happened probably a year before . . . [and] that one of our mutual friends had helped [D.P.] put marks on herself after one of these incidents." Proveaux argued this testimony constituted "additional evidence that could have been and maybe . . . should have been presented on [his] behalf." Nonetheless, the district court denied Proveaux's motion.

7

Forty years ago, our Supreme Court noted the delineation of responsibilities and authority between a criminal defendant and his or her counsel:

> "When a defendant chooses to have counsel, the conduct of the defense of the case rests with the attorney. The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions to make, and all other strategic and tactical decisions are the exclusive province of the attorney after consultation with his client." *State v. Ames*, 222 Kan. 88, Syl. ¶ 8, 563 P.2d 1034 (1977).

The court continues to apply those principles. See *Bledsoe v. State*, 283 Kan. 81, 92, 150 P.3d 868 (2007).

During closing arguments at the trial, Proveaux's counsel stated: "We know that there's a difference in testimony as to what happened here between the witnesses. The only two witnesses that actually have any actual knowledge would be Mr. Proveaux and Ms. Proveaux." The district judge also recognized that reality, observing that "almost all domestic violence cases are one-on-one statements." The judge, as factfinder, then summarized his basis for decision, stating: "In this case I find the victim's testimony to be more credible than the defendant's."

The district court's reliance on the credibility of the only two witnesses present makes it unlikely Proveaux's other witnesses, even assuming their evidence would have been admissible, would have had any effect. Nevertheless, *Ames* and the cases that follow it make clear that it was well within the defense counsel's discretion to assess all witnesses and ultimately determine who should testify. The district court did not abuse its discretion when it denied Proveaux's motion for new trial.

*Conclusion*

Neither of Proveaux's appeal issues supports a finding of error by the district court. Accordingly, we affirm.