NOT DESIGNATED FOR PUBLICATION

No. 116,940

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY PAUL WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; JANNA K. DELISSA, magistrate judge. Opinion filed December 8, 2017. Affirmed.

*Lara Blake Bors*, of Bors Law, P.A., of Garden City, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

PER CURIAM: Jeffrey Paul Wilson appeals from his conviction for domestic battery. He argues that the State failed to sufficiently prove that the crime occurred within Finney County and that the State failed to prove the victim was at least 18 years old. As the State provided sufficient circumstantial evidence on both issues, the convictions are affirmed.

1

FACTS

Karen Bruebaker and Wilson were living together in Finney County. They had known each other for "20-some years." On October 3, 2015, Bruebaker and Wilson went to a friend's house located near Farmland Road to make chicken feeders. While they were at the friend's house, Wilson drank vodka, but Bruebaker did not consume any alcohol.

At some point during the day, Wilson became angry with Bruebaker. Bruebaker later reported to police that Wilson blamed her for the death of his dog, and he was angry because his hens were eating his baby chickens. Wilson started beating and kicking Bruebaker and, at one point, choking her. Eventually, Bruebaker and Wilson's friend broke up the fight, and the two returned home.

Once home, Bruebaker packed a bag and told Wilson she was leaving. When she attempted to leave, Wilson took her keys and threw them outside. He then locked her out of the house. Bruebaker went straight to the police to report the incident. She initially spoke with Officer Trevor Winter of the Garden City Police Department, but Deputy Eric Rojas of the Finney County Sheriff's Office took over once it was determined the incident took place in Finney County.

Deputy Rojas examined Bruebaker for injuries and discovered a small scratch on her neck. Bruebaker further reported she had received injuries to her neck and legs. After another officer documented the injuries, Deputy Rojas observed additional bruising on Bruebaker's legs. A Finney County deputy arrested Wilson a few days later on suspicion of domestic violence.

On October 14, 2015, the State charged Wilson with one count of domestic battery. On October 20, 2015, the State filed a notice of intent to seek domestic violence

2

designation. The case went to a bench trial almost a year after the incident, on September 13, 2016.

At trial, Bruebaker testified about her relationship with Wilson and about his attack. She specifically denied that her injuries were the result of some accident in a chicken coop. Deputy Rojas testified he took over the investigation because the crime took place in his county. He further testified he observed injuries on Wilson on October 8, 2015. Wilson offered the testimony of his mother, who testified that Bruebaker told her that the injuries were from falling over some barrels while working on a chicken coop. His mother, however, was not able to remember the specific details about when or how this injury occurred.

At the conclusion of the trial, the district court found Wilson guilty of domestic battery. The district court also placed a domestic violence designation on this conviction. Wilson was sentenced to 6 months in the Finney County Jail but granted probation for 12 months.

On September 22, 2016, Wilson timely filed for appeal. On September 27, 2016, Wilson filed an amended appeal.

ANALYSIS

When sufficiency of the evidence is challenged in a criminal case, the appellate court reviews all evidence in the light most favorable to the State. A conviction will be upheld if the appellate court is convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt based on the evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). Appellate courts generally do not reweigh the evidence or assess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). A verdict may be supported by circumstantial evidence if the evidence provides a

3

basis for a reasonable inference by the fact-finder regarding the fact in issue. To be sufficient, circumstantial evidence need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

The question of where the offense occurred is a question of fact to be decided by the trier of fact. See *State v. McElroy*, 281 Kan. 256, 264, 130 P.3d 100 (2006), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). To establish venue, the State is not required to employ a "specific question and answer that the offense occurred in [that] particular county." *State v. Griffin*, 210 Kan. 729, 731, 504 P.2d 150 (1972). Instead, the State may establish venue by competent evidence showing where the offense was committed. 210 Kan. at 731. In other words, the State may prove venue through circumstantial evidence. See *State v. Lieurance*, 14 Kan. App. 2d 87, Syl. ¶ 4, 782 P.2d 1246 (1989).

On appeal, Wilson argues that the State failed to present sufficient evidence to prove that the crime occurred within the jurisdiction of the district court. Specifically, Wilson argues that the State failed to prove the battery occurred in Finney County. The State responds by pointing out the fact that the Finney County Sheriff's Department was called in to complete the investigation of the crime after the initial reporting officer from the Garden City Police Department determined the crime occurred outside their city limits and within the county's jurisdiction.

Additionally, at trial Bruebaker testified that the battery took place by their friend's house by Farmland Road. She further testified that she reported the battery to police at "the building." Deputy Rojas testified that he worked for the Finney County Sheriff's Office and that he took over the investigation from Garden City Police Officer Winter. He testified that he took over the investigation because "the battery happened in the county." With a specific address reference and with Deputy Rojas' testimony that he took

4

over the investigation because the crime took place in the county, the jury had sufficient evidence to find that the State proved venue was proper.

The State offered sufficient evidence to prove that the crime occurred in Finney County. "Except as otherwise provided by law, the prosecution shall be in the county where the crime was committed." K.S.A. 22-2602. As the State cites, the Kansas Supreme Court has held that an officer's testimony that he worked for a particular department and worked a case, without evidence that he worked outside of his jurisdiction, was enough to prove venue. *State v. Stevens*, 285 Kan. 307, 325-26, 172 P.3d 570 (2007), *overruled on other grounds by State v. Ahrens*, 296 Kan. 151, 290 P.3d 629 (2012).

Wilson next argues that the State offered insufficient evidence to prove domestic battery because the State did not offer any evidence of Bruebaker's age, and thus, the State failed to prove a necessary element of domestic battery. The State responds by arguing that circumstantial evidence proved the age element.

K.S.A. 2014 Supp. 21-5414 defines that crime:

> "(a) Domestic battery is:
> (1) Knowingly or recklessly causing bodily harm by a family or household member against a family or household member; or
> (2) knowingly causing physical contact with a family or household member by a family or household member when done in a rude, insulting or angry manner.
> . . . .
> "(c) As used in that section:
> (1) 'Family or household member' means persons 18 years of age or older who are spouses, former spouses, parents or stepparents and children or stepchildren, and persons who are presently residing together or who have resided together in the past, and persons who have a child in common regardless of whether they have been married or who have lived together at any time."

5

The State argues they provided the necessary evidence to establish Bruebaker's age. When asked by the State at trial when she met Wilson, Bruebaker replied, "20-some years ago." The State also argues that the district court could infer that Bruebaker was at least 18 years old based on her testimony. Wilson argues that there were no direct or circumstantial questions answered about Bruebaker's age and cites *State v. Perez-Rivera*, 41 Kan. App. 2d 579, 580-81, 203 P.3d 735 (2009). However, this case is distinguishable. In *Perez-Rivera*, the court noted that the fact-finder "simply cannot speculate or infer through its own observations or personal knowledge that an element of a crime has been proven." 41 Kan. App. 2d at 582. There, the jury was not allowed to infer age from the victim's appearance or from the fact that she was married in a state with an age of consent under 18 years of age. 41 Kan. App. 2d at 582.

In this case we have the testimony of Bruebaker where she clearly stated she had known Wilson for over 20 years. A person who has known someone for "20-some years," by logic, must be over 18 years old. When this testimony is viewed in the light most favorable to the State, there is sufficient evidence to prove the age element of the domestic battery conviction.

Affirmed.