NOT DESIGNATED FOR PUBLICATION

No. 121,953

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE LINGENFELTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; WILLIAM M. MALCOLM, magistrate judge. Opinion filed May 7, 2021. Affirmed in part and dismissed in part.

*John W. Thurston*, of Addair Thurston, Chtd., of Manhattan, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: The question posed in this criminal appeal is a recurring one: Will defendants' death while the appeal is pending bring an end to their allegations of error in the trial court? Here, we conclude that it does in part, consistent with our Kansas Supreme Court's decisions in *State v. Belt*, 305 Kan. 381, 382, 381 P.3d 473 (2016), and *State v. Hollister*, 300 Kan, 458, 458-59, 329 P.3d 1220 (2014). Thus, we affirm in part and dismiss in part.

1

Shane Lingenfelter was found guilty by a jury of domestic battery, in violation of K.S.A. 2018 Supp. 21-5414(a)(1). On appeal, Lingenfelter argues that the evidence was insufficient to convict him of this crime.

When we were told of Lingenfelter's death, we issued a show cause order to the respective parties as to whether an issue: "(1) is of statewide interest and of the nature that public policy demands a decision, such as those issues that exonerate the defendant; (2) remains a real controversy; or (3) is capable of repetition." *Hollister*, 300 Kan. at 458-59; see *Belt*, 305 Kan. at 382.

Lingenfelter raised two issues in his appeal. First, he contended insufficient evidence supported his conviction. If he were correct, we would be obligated to reverse his conviction and enter judgment of acquittal, effectively exonerating him. We, thus, conclude that this issue survives Lingenfelter's death, and we will consider its merits. In his second point on appeal, Lingenfelter argued that the trial court improperly admitted unduly prejudicial evidence which deprived him of a fair trial. If Lingenfelter were correct on this point, he would receive a new trial. This would not exonerate him. Also, the issue is highly fact-specific. We find that this issue does not fall within the type of issues that survive the death of an appellant and, thus, we dismiss that part of his appeal as moot.

On April 16, the State filed a response to our show cause order. In its response, the State declared the following: "As noted in the parties' briefs, there are only two issues: a sufficiency of the evidence issue and a K.S.A. prior crimes issue. These issues do not present a matter of statewide interest, do not present a real controversy, and are not capable of repetition." Thus, the State maintains that this appeal should be dismissed. On the other hand, no response was filed to our show cause order by Lingenfelter's counsel.

2

In December 2018, two witnesses watched as their neighbor Shane Lingenfelter struck Rachel Lingenfelter, his wife, knocking her to the ground. One of the neighbors, Rachel Fountain, called the police and reported that Lingenfelter hit his wife. Police officers arrived and spoke to Fountain and Deborah Jonston, the other neighbor who also witnessed the altercation. Both Fountain and Jonston saw the incident from their windows. Jonston and Fountain did not know each other and did not discuss what they had seen before the officers arrived. When the officers interviewed Rachel, she stated that the altercation involved only oral utterances. The officers, however, saw a fresh bruise or mark on Rachel's neck, but she denied that Lingenfelter had hit her and stated that the mark was caused by her purse strap. Also, Lingenfelter denied any physical confrontation.

At trial, Rachel continued to deny that Lingenfelter had struck her or pushed her to the ground. Rachel also denied ever falling to the ground, contradicting Jonston's and Fountain's statements. Lingenfelter denied striking or hitting Rachel. He stated that he "came home pretty upset," "was ready to argue," and "kind of maybe picked that fight." But, according to his testimony, the fight never became physical.

Over Lingenfelter's continuing objection, the trial court admitted the State's evidence of a prior incident between Lingenfelter and his wife. First, the State elicited testimony from Rachel that Lingenfelter put his hands on her throat in December 2017. Then, the State presented testimony from Officer Edward McNamara, who responded to that domestic disturbance call involving the Lingenfelters. When Officer McNamara arrived, Lingenfelter told the officer that he had grabbed his wife by her neck the day before. Lingenfelter said that "he wanted to smash her but all he did was grab her by the throat." Lingenfelter testified that he did not strike Rachel in the December 2018 incident, but he admitted to grabbing her by the neck in December 2017.

3

At the close of evidence, the trial court issued its jury instructions, including an instruction limiting the use of prior crime evidence to show motive or intent. The jury found Lingenfelter guilty of domestic battery, in violation of K.S.A. 2018 Supp. 21-5414(a)(1). The trial court sentenced Lingenfelter to 6 months in the county jail, with parole granted after 30 days.

Lingenfelter appealed.

*Was There Sufficient Circumstantial Evidence for the Jury to Conclude Beyond a Reasonable Doubt that Rachel Was at Least 18 Years Old When the Domestic Battery Occurred?*

Lingenfelter argues that the State failed to prove an element of domestic battery because the State failed to produce any direct evidence that Rachel was 18 years or older when the alleged battery occurred. The State argues that the circumstantial evidence was sufficient to show that Rachel was 18 years of age or older.

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

It is only in rare cases when the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Torres*, 308 Kan. 476, 488, 421 P.3d 733 (2018); *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

4

A verdict may be supported by circumstantial evidence, if such evidence provides a basis for a reasonable inference by the fact-finder regarding the fact in issue. Circumstantial evidence, to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). A conviction of even the gravest offense can be based entirely on circumstantial evidence. 304 Kan. at 25. There is no legal distinction between direct and circumstantial evidence in terms of their respective probative value. *State v. Lowery*, 308 Kan. 1183, 1236, 427 P.3d 865 (2018).

The trial court instructed the jury that to find Lingenfelter guilty of domestic battery, the State had to prove beyond a reasonable doubt the following: (1) that Lingenfelter knowingly caused bodily harm to Rachel; (2) that the act occurred on or about December 14, 2018; and (3) that Lingenfelter and Rachel were family or household members.

K.S.A. 2018 Supp. 21-5414(e)(2) defines "family or household member," as used in the crime of domestic battery, in the following way:

> "persons 18 years of age or older who are spouses, former spouses, parents or stepparents and children or stepchildren, and persons who are presently residing together or who have resided together in the past, and persons who have a child in common regardless of whether they have been married or who have lived together at any time. 'Family or household member' also includes a man and woman if the woman is pregnant and the man is alleged to be the father, regardless of whether they have been married or have lived together at any time."

Lingenfelter relies on this court's opinion in *State v. Perez-Rivera*, 41 Kan. App. 2d 579, 203 P.3d 735 (2009), to support his argument that the State's evidence was insufficient to convict him of domestic battery. This court reversed Perez-Rivera's conviction for domestic battery because the State did not provide evidence showing

5

beyond a reasonable doubt that the victim was at least 18 years of age when the battery occurred. 41 Kan. App. 2d at 581-83.

In *Perez-Rivera*, the State presented the following evidence to the jury: The couple had been married for 2 1/2 years since their marriage in Las Vegas. The State argued on appeal that the jury could have assumed that the victim was over 18 years old when the battery happened because a person must be at least 16 years old to marry in the state of Nevada and the couple had been married for 2 1/2 years. This court rejected that argument because the jury would have had to assume the legal marriage age in Nevada, since the State had failed to present evidence on Nevada's marriage laws. 41 Kan. App. 2d at 581-82. The State also argued that the jury could infer that the victim was at least 18 years of age based on her appearance, demeanor, and testimony at trial. This court rejected this argument also, stating: "Simply put, the jurors could not make an inference concerning [the victim's] age based on their personal knowledge or observations; a juror's inference can only be based on evidence presented at trial." 41 Kan. App. 2d at 583.

Nevertheless, the application of this court's holding in *Perez-Rivera* has its obvious factual drawbacks. For example, if the State presented a domestic battery case where the evidence showed that the defendant and the victim had been married for 19 years when the battery occurred, then it would be a logical impossibility for the victim to be less than 18 years old under these facts. Thus, under these hypothetical facts, the *Perez-Rivera* holding will not bear nearly the weight of reliance which Lingenfelter places upon it.

In Kansas, the lawful age of marriage is 18 years of age, with exceptions for judicial and parental consent that can reduce the age to as low as 15 years of age. See K.S.A. 2020 Supp. 23-2505(c)(1)-(2). Under this statute, a child could be married for 2 1/2 years, as in *Perez-Rivera*, and be 17 1/2 years of age. Because the State in *Perez-*

6

*Rivera* did not supply the jury with the legal marriage age in Nevada, a necessary element of its case was missing.

Unlike *Perez-Rivera*, the State's evidence here showed that Rachel had been married to Lingenfelter for 13 years and together they were raising three children. And their oldest child was 12 years old. Lingenfelter testified that Rachel is an "excellent mother," stating, "We have three angels, and I couldn't have raised them myself." The State argues that for the jury to have a reasonable doubt that Rachel was 18 years of age or older when the battery happened, the jury would have had to entertain the idea that Rachel was potentially under the age of five when she married and bore a child under the age of six years old.

Lingenfelter counters that the State did not present evidence that the couple was married in Kansas. Thus, the jury could conclude that Rachel married before the age of five years in a state where such marriage is theoretically possible. See Cal. Fam. Code §§ 302, 304 (West 2020) (no specified minimum age). Lingenfelter concedes that it is improbable that Rachel bore the couple's first child when Rachel was herself under the age of six years. But Lingenfelter notes that the State never presented evidence that Rachel is the children's biological mother, leaving the jury open to consider the possibility that Rachel was either an adoptive mother or a stepmother of the first child. Yet, this supposition would mean that Rachel was under the age of six when she cared for the newborn baby.

Reviewing all the evidence in a light most favorable to the prosecution, a rational fact-finder could have found beyond a reasonable doubt that Rachel was over the age of 18 years when the battery occurred. In fact, a jury would have needed to concoct a scenario in which Rachel was not over the age of 18 years. Reasonable presumptions and inferences may be drawn from facts established by direct or circumstantial evidence, but

a presumption may not be based upon a presumption or an inference upon an inference. *State v. Doyle*, 201 Kan. 469, Syl. ¶ 8, 441 P.2d 846 (1968). Instruction No. 4 told the jurors that they had "a right to use common knowledge and experience." The jury reasonably presumed that a woman who had been married for 13 years and had been a mother for 12 years was over the age of 18. In fact, any doubt that Rachel was 18 years of age or older would have been an unreasonable one, based on the implausible inferences offered by Lingenfelter. Thus, Lingenfelter's argument fails.

In summary, the only issue that would clear Lingenfelter's name is the insufficiency of evidence issue. The other issue, however, would require a remand for a new trial if reversible error was found. But a new trial would be impossible given Lingenfelter's death. Thus, we conclude sufficient evidence supported Lingenfelter's conviction and dismiss as moot his argument that admission of the other crime evidence denied him a fair trial.

Affirmed in part and dismissed in part.