NOT DESIGNATED FOR PUBLICATION

No. 114,424

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE L. RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed November 4, 2016. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Jonathon L. Noble*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and POWELL, JJ.

*Per Curiam*: After a jury trial, Jose L. Rodriguez was convicted of possession of methamphetamine with intent to distribute and two counts of possession of drug paraphernalia. On appeal, Rodriguez argues the district court erred in giving an aiding and abetting instruction and that there was insufficient evidence to support his conviction for possession of methamphetamine with intent to distribute. We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2014, Joni Beemer and Rodriguez were driving in Lyon County, Kansas. Beemer was the driver, Rodriguez was the passenger in the front seat, and their son was in the back seat. Deputy Heath Samuels of the Lyon County Sheriff's Department stopped the car for failing to use a turn signal. While Samuels was stopping the vehicle, he saw Rodriguez appear to bend downward and reach below the front seat. Because of Beemer's alleged involvement in several ongoing drug investigations, Samuels requested and obtained consent to search the car.

Deputy Cory Doudican arrived as backup. While searching the car the deputies found a roll of money totaling $1,403 between the passenger seat and the center console. Rodriguez and Beemer both claimed the money was from Rodriguez' tax refund. Rodriguez was searched, and the deputies found $400 in Rodriguez' wallet. Additionally, the deputies found a glass pipe, a metal pipe, and marijuana inside the passenger-side doorframe. Rodriguez claimed possession of one of the pipes and the marijuana.

Beemer was arrested. While being transported to the police station, Beemer told Doudican she had methamphetamine in her pants. She said that Rodriguez had handed her the bag containing the meth when she was stopped. The methamphetamine was taken from Beemer while she was in custody, and the Kansas Bureau of Investigation analysis of the substance confirmed it was methamphetamine with a gross weight of 21.85 grams.

Later, in an interview with an investigator with the county attorney's office, Beemer explained that the methamphetamine was being transported in a camera bag and, during the stop of the car, Rodriguez handed the camera bag to Beemer. The camera bag contained three smaller plastic bags, each of which contained methamphetamine. Beemer claimed Rodriguez opened the camera bag and took out the three smaller bags for her to hide. Beemer stated the methamphetamine belonged to both her and Rodriguez. She also

2

claimed Rodriguez knew the methamphetamine was in the car and that it was being sold to support their family because Rodriguez had lost his job. Beemer said she, not Rodriguez, was selling the methamphetamine because Rodriguez was not from the area and did not know people. Although the methamphetamine belonged to both Beemer and Rodriguez, Beemer did not state Rodriguez was attempting to sell the methamphetamine or was involved in any sales.

At trial, Beemer testified contrary to her statement to law enforcement. She stated the methamphetamine belonged to her but the marijuana, marijuana pipe, and methamphetamine pipe belonged to a third party. Beemer also testified that Rodriguez did not know about the methamphetamine in the car, that she had Rodriguez hand her the bag during the stop, and there was no way he could have known what was in the camera bag. Additionally, she testified Rodriguez did not attempt to sell the methamphetamine and he was not involved in any way with obtaining the methamphetamine from her source.

Over Rodriguez' objection, the district court gave an aiding and abetting jury instruction. Prior to the jury's deliberations, the district court dismissed the possession of methamphetamine charge. The jury convicted Rodriguez on the remaining four charges; however, at sentencing, the possession of marijuana charge was set aside due to a jury verdict form error. Rodriguez was sentenced to 105 months in prison for the charge of possession of methamphetamine with intent to distribute and two concurrent 12-month sentences for the possession of drug paraphernalia charges.

Rodriguez timely appeals his conviction for possession of methamphetamine with intent to distribute.

Rodriguez first claims the district court erred in giving an aiding and abetting jury instruction because there was no evidence presented at trial that he aided and abetted Beemer's crime of possession of methamphetamine with intent to distribute. Our Supreme Court has set out a four-step test to determine the propriety of a jury instruction:

> """(1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).""" [Citation omitted.]" *State v. Fisher*, 304 Kan. 242, 256-57, 373 P.3d 781 (2016).

This issue was properly preserved because Rodriguez objected to the jury instruction at trial. See *State v. Barber*, 302 Kan. 367, 377, 353 P.3d 1108 (2015). Therefore, our next step is to analyze whether the instruction was legally appropriate. To be legally appropriate a jury instruction must fairly and accurately state the applicable law. *State v. Plummer*, 295 Kan. 156, 161, 283 P.3d 202 (2012). The challenged instruction reads:

> "A person is criminally responsible for a crime if the person, either before or during its commission, and with the mental culpability required to commit the crime intentionally aids another to commit the crime.
> "All participants in a crime are equally responsible without regard to the extent of their participation. However, mere association with another person who actually commits

4

the crime or mere presence in the vicinity of the crime is insufficient to make a person criminally responsible for the crime."

Our Supreme Court has explained that to establish aiding and abetting on the part of a defendant, "the State is required to show that a defendant knowingly associated with the unlawful venture and participated in such a way as to indicate that he or she was facilitating the venture's success." *State v. Williams*, 299 Kan. 509, 531, 324 P.3d 1078 (2014), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). Moreover, to state the law accurately, an aiding and abetting jury instruction must include language that mere association with a person engaged in criminal activity is insufficient to find a person guilty of aiding and abetting. *State v. Hilt*, 299 Kan. 176, 185, 322 P.3d 367 (2014).

Our review leads us to conclude that the challenged jury instruction was legally appropriate. It required that the defendant have the mental state required to commit the crime, it required that the defendant participate in a way as to further the success of the criminal venture, and it included language that mere association on the part of the defendant was insufficient to form criminal culpability. Because the elements required to prove aiding and abetting appear within the challenged instruction, the instruction accurately stated the law.

Rodriguez' principal objection to the aiding and abetting jury instruction surrounds our next analytical step: to determine if there was sufficient evidence to support giving the jury instruction. An aiding and abetting jury instruction is appropriate if "the jury could reasonably conclude from the totality of the evidence that the defendant aided and abetted another in the commission of a crime." *State v. Edgar*, 281 Kan. 47, 55, 127 P.3d 1016 (2006). The evidence is viewed in the light most favorable to the party requesting the jury instruction, and we do not reweigh the evidence or the credibility of witnesses. *Plummer*, 295 Kan. at 162. Here, because the State requested the jury instruction, we

5

view the evidence supporting the giving of an aiding and abetting jury instruction in the light most favorable to the State.

Rodriguez argues that, at best, the evidence at trial supports the inference that he passed Beemer some baggies containing methamphetamine to hide. The record, however, when viewed in the light most favorable to the State, shows otherwise. In the police interview, Beemer stated the methamphetamine belonged to both Rodriguez and her, and she was selling it to support their family. Beemer also stated that Rodriguez knew about the meth in the car, opened the camera bag, removed the three smaller bags, and handed the bags to Beemer to hide. These actions show Rodriguez knowingly associated with the unlawful venture. See *Williams*, 299 Kan. at 531.

Moreover, Beemer told the police that Rodriguez claimed the paraphernalia was his, believing that Beemer was going to get away with concealing the methamphetamine and would not be arrested. Rodriguez also falsely claimed that the $1,403 found in the car was from his tax return. Such facts lead to a reasonable inference that the money was from selling methamphetamine and that Rodriguez was participating in the venture in a way to facilitate its success. Based upon these facts, a reasonable juror could conclude Rodriguez was aiding and abetting Beemer. Therefore, there was sufficient evidence to support giving the jury instruction.

WAS THERE SUFFICIENT EVIDENCE TO CONVICT RODRIGUEZ OF POSSESSION OF METHAMPHETAMINE WITH INTENT TO DISTRIBUTE?

Rodriguez' second argument on appeal is that there was insufficient evidence to convict him of possession of methamphetamine with intent to distribute, specifically claiming that the State impermissibly stacked inferences.

When the sufficiency of the evidence is challenged in a criminal case, we view all the evidence in the light most favorable to the State. A conviction will be upheld if we are "convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt" based on the evidence presented at trial. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). In examining this evidence, we generally will not reweigh the evidence or the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

In order to convict Rodriguez as a principal, the State had to prove Rodriguez possessed the methamphetamine and intended to distribute it. Rodriguez does not challenge whether there was sufficient evidence that he possessed the methamphetamine. He argues the evidence presented only shows he possessed the methamphetamine, not that he intended to distribute it. In particular, Rodriguez cites *State v. Cruz*, 15 Kan. App. 2d 476, 490, 809 P.2d 1233, *rev. denied* 249 Kan. 777 (1991): "Presumptions and inferences may be drawn from facts established, but presumption may not rest upon presumption or inference on inference." See *State v. Doyle*, 201 Kan. 469, Syl. ¶ 8, 441 P.2d 846 (1968); *State v. Star*, 27 Kan. App. 2d 930, 935, 10 P.3d 37, *rev. denied* 270 Kan. 903 (2000).

There is sufficient evidence to support Rodriguez' conviction as an aider and abettor. Beemer's actions satisfy the elements of possession of methamphetamine with intent to distribute. See K.S.A. 2015 Supp. 21-5705(a)(1). The crime is a continuing one; it lasts as long as the defendant possesses the contraband with the intent to distribute at some time. See *State v. Chapman*, 252 Kan. 606, Syl. ¶ 1, 847 P.2d 1247 (1993). The methamphetamine—over 21 grams—was packaged in three baggies. Samuels stated that based on his training and experience, methamphetamine is packaged this way for sale. Coupled with the large amount of cash, the packaged methamphetamine suggested Beemer and Rodriguez to be sellers rather than buyers. During the police interview, Beemer stated she was selling the methamphetamine in order to support Rodriguez' and

her family. These facts support the conclusion that Beemer possessed the methamphetamine with the intention of selling it.

The evidence in the light most favorable to the State shows Rodriguez participated in Beemer's continuing criminal venture of selling methamphetamine by handing her the baggies to hide. Rodriguez claimed the drug paraphernalia was his, believing Beemer would not be caught with the methamphetamine. It is reasonable to infer that Rodriguez was participating in a way designed to facilitate the continuation of the venture by helping conceal the methamphetamine from the police. Because Beemer, the principal, had the requisite intent to distribute, Rodriguez, the aider and abettor, can be held criminally responsible for her actions. See K.S.A. 2015 Supp. 21-5210(a). Therefore, there is sufficient evidence to find Rodriguez aided and abetted Beemer's crime.

Because the evidence taken in the light most favorable to the prosecution could lead a rational factfinder to find Rodriguez guilty of possession of methamphetamine with intent to distribute beyond a reasonable doubt, as either the principal actor or as an aider and abettor, there is sufficient evidence to uphold his conviction.

Affirmed.