NOT DESIGNATED FOR PUBLICATION

No. 118,722

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDDIE NUNEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE and TIMOTHY J. CHAMBERS, judges. Opinion filed December 14, 2018. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM:  In January 2015, while Eddie Nunez was an inmate at Hutchinson Correctional Facility (HCF), he attacked a correctional officer. A jury later convicted him of battery of a state correctional officer. Nunez appeals, arguing the evidence was insufficient to support his conviction and the district court committed clear err in giving the jury instructions. Finding no error, we affirm.

Holly Seaver was a correctional officer at HCF. HCF had a "medication line" every night when inmates were allowed out of their cell house to get their prescription

medication. Two officers monitored the inmates during this time. One officer accompanied the inmates to get their medication, and one officer stayed in the cell house to let the inmates in and out and to monitor the security of the cell house.

On the night of the incident in question, Seaver was the officer who remained in "Charlie" cell house during the medication line. Nunez was an inmate housed in that cell house. One of the inmates leaving for the medication line told Seaver that Nunez wanted to empty his trash. Seaver had never had any problems with Nunez, so she let him out of his cell to empty his trash.

After Nunez emptied his trash, Seaver turned her attention to the inmates returning from the medication line. When Seaver turned her attention back to Nunez, he was next to her, and he punched her in the right eye. Seaver ducked down, but Nunez continued to hit her. During the one to two minute attack, Nunez hit or kicked Seaver 20 to 40 times, and she was never able to strike back. She also could not reach her radio. She eventually screamed, and other officers came to her aid.

Brandon Schmucker, another correctional officer at HCF, ran to Seaver after he heard her scream. He saw Nunez standing over Seaver and stomping on her. Schmucker ordered Nunez to stop, but Nunez continued to stomp on her. Schmucker tackled Nunez and put him in handcuffs. Another correctional officer took Nunez to segregation. On the way, Nunez said, "I'm a piece of shit, . . . I'm sorry for what I did, I deserve what I get."

As a result of the attack, Seaver received a black eye and some bruising and abrasions. Photographs were taken of her injuries that night. Some more photos were also taken a couple days later.

The State charged Nunez with battery of a state correctional officer. See K.S.A. 2017 Supp. 21-5413(c)(3)(A). At trial, the State entered the photographs of Seaver's

2

injuries into evidence. Seaver testified the uniform she was wearing in court was the same uniform she was wearing the night of the attack.

The jury convicted Nunez of battery of a state correctional officer. Nunez moved for a judgment of acquittal and a new trial, arguing the evidence was insufficient to support his conviction. The district court denied both motions and sentenced Nunez to 55 months in prison, to run consecutive to his prior sentence. Nunez appeals.

*Sufficient Evidence*

Nunez first argues the evidence was insufficient to support his conviction because the State failed to prove Seaver was a state correctional officer. "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). We do not reweigh evidence, resolve evidentiary conflicts, or redetermine witness credibility. 307 Kan. at 668.

The jury convicted Nunez of battery of a state correctional officer. To support this conviction, the State had to prove (1) Nunez knowingly caused bodily harm to Seaver; (2) Nunez was in the custody of the Secretary of the Kansas Department of Corrections (KDOC); (3) Seaver was a state correctional officer; and (4) Seaver was engaged in the performance of her duty. See K.S.A. 2017 Supp. 21-5413(c)(3)(A). A state correctional officer is "any officer or employee of the [KDOC] or any independent contractor, or any employee of such contractor, whose duties include working at a correctional institution." K.S.A. 2017 Supp. 21-5413(h)(2). A correctional institution is "any institution or facility under the supervision and control of the secretary of corrections." K.S.A. 2017 Supp. 21-5413(h)(1).

3

The State must sustain its burden of proof on each of these elements. *State v. Scott*, 285 Kan. 366, 372, 171 P.3d 639 (2007). To meet this burden, the State may rely on circumstantial evidence as long as that evidence provides a basis for the jury to make a reasonable inference about the fact in issue. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). In determining the weight and credibility to give to testimony, a jury may "'use common knowledge and experience in regard to the matter about which a witness has testified.'" *State v. Calderon-Aparicio,* 44 Kan. App. 2d 830, 839, 242 P.3d 1197 (2010); PIK Crim. 4th 51.060. But the State cannot support a conviction by asking the jury to make a presumption based on another presumption. *State v. Banks*, 306 Kan. 854, 859, 397 P.3d 1195 (2017).

At trial, Seaver testified she was a correctional officer who worked at HCF. Nunez acknowledges this testimony, but he argues it was insufficient to show Seaver was a *state* correctional officer. He also contends no other evidence established that Seaver was a state correctional officer under K.S.A. 2017 Supp. 21-5413(h)(2) or that HCF was a correctional institution under K.S.A. 2017 Supp. 21-5413(h)(1).

In making his argument, Nunez relies on *State v. Star*, 27 Kan. App. 2d 930, 936, 10 P.3d 37 (2000). The *Star* court found the evidence was insufficient to prove the defendant sold cocaine within 1,000 feet of a school. 27 Kan. App. 2d at 936. While the State established that the defendant sold cocaine within 1,000 feet of Hickock School, the court noted the State also had to prove Hickock School was "'a structure used by a unified school district or an accredited nonpublic school for student instruction or attendance or extracurricular activities of pupils enrolled in kindergarten or any of the grades one through 12'" under K.S.A. 1999 Supp. 65-4161(d). 27 Kan. App. 2d at 936. Because the State did not provide evidence of this, the court held that the jury could not "speculate or infer through its own observations that the structure complies with the statutory definition of a school." 27 Kan. App. 2d at 936.

4

Nunez' case is distinguishable from *Star*. In *Star*, the State did not establish any facts from which the jury could reasonably infer Hickock School met the statutory definition of school. But here, the State introduced evidence from which the jury could reasonably infer Seaver was a state correctional officer.

Seaver testified she was in uniform at the time of the attack, and photographs were taken of her injuries shortly afterward. In one of those photographs, Seaver was wearing a shirt with an embroidered badge with the words "Kansas Department of Corrections" and "Seaver." In addition, one of the officers who investigated the attack testified he was a special agent supervisor for HCF, and he had been a special agent supervisor for the KDOC for the past nine years. Viewed in a light most favorable to the State, the jury could reasonably infer from these facts that Seaver met the statutory definition of a state correctional officer. See *State v. Johnson*, No. 104,595, 2012 WL 686702, at *3-4 (Kan. App. 2012) (unpublished opinion) (finding jury could infer victim was over age 16 by considering her appearance and testimony about her job).

*Lesser Included Offense Instruction*

Next, Nunez argues the district court erred in failing to instruct the jury on the lesser included offense of battery. Nunez acknowledges he requested no instruction on battery, so we will not reverse his conviction unless he can show the district court's failure to give the instruction was clearly erroneous. K.S.A. 2017 Supp. 22-3414(3); *State v. Pfannenstiel*, 302 Kan. 747, 752, 357 P.3d 877 (2013). In reviewing for clear error, we first consider whether the instruction was legally and factually appropriate, using an unlimited review of the entire record. *State v. Louis*, 305 Kan. 453, 457, 384 P.3d 1 (2016). If we determine the instruction was erroneous, it requires reversal if we are firmly convinced the jury would have reached a different verdict without it. *State v. Cooper*, 303 Kan. 764, 770, 366 P.3d 232 (2016). In evaluating whether an instruction rises to the

5

level of clear error, we conduct an unlimited review of the entire record. *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014).

*Legally Appropriate*

First, we must determine whether a jury instruction on battery would have been legally appropriate. For a battery instruction to be legally appropriate, battery must be a lesser included crime of battery of a state correctional officer. Whether a crime is a lesser included offense of another is a question of law over which we have unlimited review. *State v. Armstrong*, 299 Kan. 405, 432, 324 P.3d 1052 (2014).

A lesser included crime is "a crime where all elements of the lesser crime are identical to some of the elements of the crime charged." K.S.A. 2017 Supp. 21-5109(b)(2). To convict a defendant of battery of a state correctional officer, the State must prove all the elements of battery under K.S.A. 2017 Supp. 21-5413(a) as well as several other elements. K.S.A. 2017 Supp. 21-5413(c)(3). Battery is thus a lesser included crime of battery of a state correctional officer, and an instruction on battery would have been legally appropriate.

*Factually appropriate*

Next, we must determine whether an instruction on battery was factually appropriate. For an instruction on a lesser included crime to be factually appropriate, evidence in the record, along with reasonable inferences drawn from that evidence, must reasonably support a conviction for the lesser crime. *State v. Wade*, 295 Kan. 916, 926, 287 P.3d 237 (2012); see also K.S.A. 2017 Supp. 22-3414(3) (district court must instruct on a lesser included crime if some evidence would reasonably justify a conviction of the lesser included crime).

6

Nunez makes several arguments on this point. First, he claims Seaver was not identifiable as a state correctional officer at the time of the attack. But unlike battery of a law enforcement officer under K.S.A. 2017 Supp. 21-5413(c)(1) and (c)(2), state correctional officers do not have to be uniformed or properly identified. K.S.A. 2017 Supp. 21-5413(c)(3); *State v. Whiters*, No. 89,613, 2003 WL 22532950, at *2 (Kan. App. 2003) (unpublished opinion) (holding State did not have to prove state correctional officer was uniformed or properly identified to convict defendant of battery of a state correctional officer). That said, Seaver testified she was in uniform at the time of the attack.

Next, Nunez argues the State did not prove she was acting within the scope of her duties when she let Nunez out of his cell. Nunez asserts Seaver's duty at the time of the attack was ensuring certain inmates made it to and from medication line safely. Granted, letting Nunez out of his cell to empty his trash may not have been Seaver's primary duty at the time of the battery. But nothing in the record suggests Seaver lacked the authority to do so. See *State v. Smith*, No. 108,408, 2014 WL 642037, at *4 (Kan. App. 2014) (unpublished opinion) (finding nothing in record suggested correctional officer was acting outside performance of his duties when he entered inmate's cell without backup).

Finally, Nunez argues the State did not prove Seaver was a state correctional officer, but this argument also lacks merit. At trial, Seaver's status as a correctional officer was never in doubt, and Nunez presented no defense theory that Seaver was not a correctional officer. Nor did Nunez present evidence or argue that Seaver was anything but a state correctional officer. As noted in the previous issue, Seaver's uniform identified her as an employee of the KDOC. As a result, an instruction on the lesser included crime of battery was not factually appropriate.

While a battery instruction may have been legally appropriate, the district court did not err in failing to give one because it was not factually appropriate. But even if it

7

were error, it did not rise to clear error. Nunez never challenged Seaver's status as a state correctional officer at trial, and her uniform identified her as such. Even with the instruction, the jury likely would have reached the same verdict. Nunez' argument fails.

*Jury Nullification*

Finally, Nunez argues the district court improperly instructed the jury on the burden of proof, as the given instruction precluded the possibility of jury nullification. The instruction at issue comes from PIK Crim. 4th 51.010 and reads, in part: "If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find Eddie Nunez guilty." (Emphasis added.) Nunez opposes the use of the word "should," arguing it directs a verdict in favor of the State and divests the jury of its inherent power of nullification.

Nunez again concedes he did not object to the challenged instruction, so we will not reverse the verdict unless he can show the giving of the instruction was clearly erroneous. K.S.A. 2017 Supp. 22-3414(3); *Pfannenstiel*, 302 Kan. at 752.

Jury nullification is the inherent power of juries "to disregard the rules of law and evidence in order to acquit the defendant based upon the jurors' sympathies, notions of right and wrong, or a desire to send a message on some social issue." *State v. Allen*, 52 Kan. App. 2d 729, 734, 372 P.3d 432 (2016), *rev. denied* 306 Kan. 1320 (2017). Jury nullification is always a possibility. See *Silvers v. State*, 38 Kan. App. 2d 886, 890, 173 P.3d 1167 (2008). Even so, our Supreme Court has held that the district court must not instruct on jury nullification. See *State v. McClanahan*, 212 Kan. 208, Syl. ¶¶ 3, 4, 510 P.3d 153 (1973). On the other hand, our Supreme Court has also held that the district court may not instruct against nullification or compel a jury to convict. *State v. Smith-Parker*, 301 Kan. 132, 164, 340 P.3d 485 (2014).

8

In making his argument, Nunez relies on our Supreme Court's decisions in *Smith-Parker* and *Lovelace*. In *Smith-Parker*, the defendant challenged a reasonable doubt instruction, which read: "'If you do not have a reasonable doubt from all the evidence that the State has proven murder in the first degree on either or both theories, then you will enter a verdict of guilty.'" 301 Kan. at 163. The *Smith-Parker* court held that the use of the word "will" in this way comes too close to directing a verdict in favor of the State. 301 Kan. at 164.

*Smith-Parker* also revisited an earlier case, *State v. Lovelace*, 227 Kan. 348, 607 P.2d 49 (1980). There, the defendant challenged an instruction telling the jury that it "must" find the defendant guilty if there is no reasonable doubt about the State's claims. The *Lovelace* court rejected this argument, noting "should" and "must" were interchangeable in criminal instructions. 227 Kan. at 354. But the *Smith-Parker* court overruled *Lovelace*, finding that the use of the word "must" also comes too close to compelling a guilty verdict. *Smith-Parker*, 301 Kan. at 164.

In his brief, Nunez emphasizes that *Lovelace* reasoned the words "should" and "must" were interchangeable in a reasonable doubt instruction. He argues that while *Smith-Parker* held "must" was inappropriate in a reasonable doubt instruction, it did not overrule *Lovelace*'s conclusion that "should" and "must" were interchangeable. As a result, he reasons that "should" is also inappropriate in a reasonable doubt instruction.

If the *Smith-Parker* court had intended to comment on the appropriateness of "should" in a reasonable doubt instruction, it could have done so explicitly. Instead, it limited its holding to use of the word "must." This limitation suggests that *Lovelace*'s approval of the word "should" is still binding precedent. See *State v. McDuffie*, No. 113,987, 2017 WL 2617648, at *8-9 (Kan. App. 2017) (unpublished opinion) (rejecting similar argument), *rev. denied* 306 Kan. 1327 (2017); *State v. Benewiat*, No. 114,676,

9

2017 WL 66355, at *7-8 (Kan. App. 2017) (unpublished opinion) (same), *rev. denied* 306 Kan. 1321 (2017).

Many opinions of this court have also found that use of the word "should" in the reasonable doubt instruction does not prohibit jury nullification. See, e.g., *Allen*, 52 Kan. App. 2d 729, Syl. ¶ 5; *State v. Singleton*, No. 112,997, 2016 WL 368083, at *4-5 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1257 (2016); *State v. Hastings*, No. 112,222, 2016 WL 852857, at *3-5 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1324 (2017). In fact, the *Allen* court distinguished "should" from "must," explaining "[u]nlike the words 'must,' 'shall,' and 'will,' the word 'should' does not express a mandatory, unyielding duty or obligation; instead, it merely denotes the proper course of action and encourages following the advised path." 52 Kan. App. 2d 729, Syl. ¶ 5.

Nunez not only asks us to find the district court erred in giving the challenged instruction, he asks us to find the error was structural. For support, he cites to *Sullivan v. Louisiana,* 508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993), and *Miller v. State*, 298 Kan. 921, 219 P.3d 155 (2014), that hold a reasonable doubt instruction that misstates the State's burden of proof amounts to structural error. But Nunez' case is distinguishable because the challenged instruction does not raise any questions that the jury did not find Nunez was guilty to the "constitutionally required degree of certainty." *Miller*, 298 Kan. at 938. And while juries have the power to nullify the verdict, they have no legal right to exercise that power. *McClanahan*, 212 Kan. 208, Syl. ¶ 3. Likewise, criminal defendants do not have a right to jury nullification. *State v. Trotter*, No. 114,743, 2017 WL 3668908, at *3 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 993 (2018).

Because any possible error was not structural, Nunez must firmly convince us that the jury would not have convicted him if not for the challenged instruction. His only argument on this point is the jury may have felt Seaver's injuries were not serious enough

to warrant his lengthy prison sentence. Looking at the record as a whole, Nunez' argument is not persuasive. Nunez attacked Seaver unprovoked, and he did not stop hitting and kicking her until someone pulled him off of her.

Affirmed.