NOT DESIGNATED FOR PUBLICATION

No. 127,805

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDYN LAMONT COOPER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT A. MARTINEZ and JENNIFER MYERS, judges. Submitted without oral argument. Opinion filed February 14, 2025. Affirmed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM:  Jordyn Lamont Cooper timely appeals his convictions for felony theft of a 2021 Kia Telluride and misdemeanor possession of marijuana or tetrahydrocannabinol (THC) upon the revocation of his diversion agreement, claiming the stipulations of fact failed to support his convictions. Upon a careful review of his diversion agreement, we find there were sufficient facts to support his convictions in a light most favorable to the State. We affirm his convictions and sentences but remand for a nunc pro tunc journal entry of judgment.

1

In August 2021, the State charged Cooper with felony theft and misdemeanor possession of marijuana or THC. Cooper entered a diversion agreement with the State and stipulated to certain facts. The district court held a diversion hearing and confirmed Cooper understood the charges against him and understood the potential consequences of signing a diversion agreement.

In September 2022, the State filed a motion to revoke Cooper's diversion based on his failure to comply with the terms and conditions of the diversion agreement. The State reluctantly agreed to a one-month continuance to allow Cooper to comply with the diversion agreement. In January 2023, the district court issued a bench warrant for Cooper because he failed to appear for his diversion revocation hearing.

In February 2024, at Cooper's diversion revocation hearing, he stipulated to the revocation; the district court revoked his diversion and found him guilty. The district court sentenced Cooper to 12 months' imprisonment for theft and a concurrent sentence of 6 months in the county jail for possession of marijuana. Cooper's sentences were suspended, and the district court granted Cooper 24 months' probation. The district court ordered Cooper to pay $5,380 in restitution.

ANALYSIS

*Sufficient Evidence Supports Cooper's Felony Theft Conviction*

Cooper argues the stipulated facts in his diversion agreement failed to establish the owner of the stolen property—Cable Dahmer Kia—was an owner, or person, as defined by statute. Cooper asserts the State, therefore, failed to prove the charged crime of felony

theft and asks us to reverse his felony theft conviction and vacate his corresponding sentence, including his restitution order.

The State responds Cooper stipulated to the fact Cable Dahmer Kia was the owner of the stolen vehicle and, therefore, stipulated Cable Dahmer Kia was a person in accordance with K.S.A. 2021 Supp. 21-5111(t). The State argues Cooper stipulated to the elements of the offense and sufficient evidence supported his conviction for felony theft. Cooper further replies, claiming a factual stipulation is not a binding legal stipulation as he agreed to factual circumstances but not legal elements.

Our standard of review for a sufficiency of the evidence challenge in a criminal case requires us to review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. "There must be evidence supporting each element of a crime to meet the sufficiency of the evidence standard." *State v. Hilyard*, 316 Kan. 326, 330-31, 515 P.3d 267 (2022). When a case is decided on stipulated facts, an appellate court has de novo review over sufficiency of the evidence claims. *State v. Scheuerman*, 314 Kan. 583, 587, 502 P.3d 502 (2022). To the extent we must interpret a statute, review is also unlimited. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

The State had the burden to establish beyond a reasonable doubt Cooper obtained or exerted unauthorized control over property—the black 2021 Kia Telluride—with the intent to permanently deprive the owner—Cable Dahmer Kia—of possession, use, or benefit of such property. See K.S.A. 2021 Supp. 21-5801(a)(1). An owner is defined by statute as "a person who has any interest in property." K.S.A. 2021 Supp. 21-5111(s). A person is defined as "an individual, public or private corporation, government, partnership, or unincorporated association." K.S.A. 2021 Supp. 21-5111(t).

Cooper stipulated:

> "On August 13, 2021 in Wyandotte County, Kansas I, Jordyn Lamont Cooper, did unlawfully obtain or exert unauthorized control over property or services worth at least $25,000 but less than $100,000, to-wit: black 2021 Kia Telluride . . . , with the intention to deprive the owner, to-wit: CABLE DAHMER KIA, 400 NE Colbern Rd, Lee's Summit, MO 64086, permanently of the possession, use or benefit of said property."

"[A] party cannot concede or stipulate to an erroneous conclusion of law." *State v. Stoll*, 312 Kan. 726, 735, 480 P.3d 158 (2021). Cooper relies on *State v. Wilt*, 273 Kan. 273, 44 P.3d 300 (2002), for the proposition the State had to prove the legal definition of the element—here the definition of an owner—to prove the element itself. There, a jury convicted Wilt of aiding and abetting the sale of marijuana within 1,000 feet of school property because the marijuana sale took place within 1,000 feet of a park the high school used for sports. Our Supreme Court analyzed the definition of school property and determined the State failed to establish drugs were sold within 1,000 feet of school property as there had to be something more than a permissive right to use the property, such as ownership or a lease. 273 Kan. at 276-77.

While *Wilt* suggests the State has a duty to prove beyond a reasonable doubt the act fits within a specific statutory definition of the crime's elements, the circumstances here are different. Cooper chose to stipulate to the facts, including the fact Cable Dahmer Kia owned the property at issue. Cooper also cites two cases similar to *Wilt*—*State v. Witten*, 45 Kan. App. 2d 544, 551-52, 251 P.3d 74 (2011) (State failed to present sufficient evidence of methamphetamine sale within 1,000 feet of school as defined by statute); and *State v. Star*, 27 Kan. App. 2d 930, 936, 10 P.3d 37 (2000) (jury cannot speculate or infer through own observations that structure complies with statutory definition of school)—to support his position.

4

In *Wilt*, *Witten*, and *Star*, the State had to present sufficient evidence to the jury to establish beyond a reasonable doubt the school property complied with the statutory definition. See *Wilt*, 273 Kan. at 275; *Witten*, 45 Kan. App. 2d at 551; *Star*, 27 Kan. App. 2d at 936. Here, Cooper stipulated to the fact Cable Dahmer Kia was the owner of the stolen property. That said, the State did not provide, and Cooper did not stipulate, that Cable Dahmer Kia was an individual, public or private corporation, government, partnership, or unincorporated association. See K.S.A. 2021 Supp. 21-5111(t). Cooper claims this was fatal to support his felony theft conviction. We disagree.

Cooper claims the applicable definition of a person under K.S.A. 2021 Supp. 21-5111(t) does not include a catch-all phrase. But K.S.A. 2021 Supp. 21-5111 states the definitions provided shall apply to words and phrases in the Kansas Criminal Code, K.S.A. 21-5101 et seq., "except when a particular context clearly requires a different meaning." The stipulated facts in the diversion agreement labeled the party deprived of the stolen property—Cable Dahmer Kia. It would be unjust to disregard the intent of Cooper's stipulation. Clearly, the diversion agreement sufficiently describes Cable Dahmer Kia as the owner who suffered damages because of theft regardless of whether it was a corporation, partnership, or unincorporated association. The State presented sufficient evidence to establish Cooper obtained or exerted unauthorized control over property with the intent to permanently deprive Cable Dahmer Kia of possession, use, or benefit of such property. See K.S.A. 2021 Supp. 21-5801(a)(1).

*Sufficient Evidence Supports Cooper's Misdemeanor Possession of Marijuana Conviction*

Cooper argues the stipulated facts in his diversion agreement failed to establish he voluntarily possessed marijuana or THC—an element the State had to prove to support his misdemeanor possession conviction. Cooper asks us to reverse his conviction of possession of marijuana/THC and vacate the related sentence.

The State contends Cooper's stipulation to unlawfully possessing marijuana inherently established he possessed the marijuana voluntarily. Cooper replies no party may stipulate to the ultimate legal conclusion of committing a crime. Cooper also suggests if his stipulation to unlawfully possessing a controlled substance was legally valid, his stipulations could create new crimes.

K.S.A. 2021 Supp. 21-5706(b)(3) and (b)(7) provide it is unlawful to possess marijuana and THC. K.S.A. 2021 Supp. 21-5201(a) states: "A person commits a crime only if such person voluntarily engages in conduct, including an act, an omission or possession."

Cooper stipulated: "On August 13, 2021 in Wyandotte County, Kansas I, Jordyn Lamont Cooper, did unlawfully and knowingly possess a quantity of Marijuana or Tetrahydrocannabinol." At the time Cooper committed his crimes, possession was defined as "having joint or exclusive control over an item with knowledge of and intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." K.S.A. 2021 Supp. 21-5701(q).

> "A person acts 'knowingly,' or 'with knowledge,' with respect to the nature of such person's conduct or to circumstances surrounding such person's conduct when such person is aware of the nature of such person's conduct or that the circumstances exist. A person acts 'knowingly,' or 'with knowledge,' with respect to a result of such person's conduct when such person is aware that such person's conduct is reasonably certain to cause the result." K.S.A. 2021 Supp. 21-5202(i).

According to the statutory definition of possession, Cooper stipulated he unlawfully and knowingly had joint or exclusive control over the marijuana or THC with knowledge of or intent to have such control or knowingly keeping such substances in a place where he had some measure of access and right of control. Cooper also stipulated he was aware of the nature of his conduct and the existing circumstances, and the result

6

of such conduct—possessing marijuana—was reasonably certain to cause the result—a possession charge.

Cooper claims the State's argument that he inherently admitted to possessing marijuana voluntarily by stipulating to unlawfully possessing marijuana is a stipulation to an erroneous legal conclusion. See *Stoll*, 312 Kan. at 735. Cooper relies on *State v. Dinkel*, 311 Kan. 553, 559-60, 465 P.3d 166 (2020), in which our Supreme Court analyzed the definition of the term voluntary, explaining "voluntary conduct or a voluntary act is 'personal behavior' 'done by design or intention' or '[a] willed bodily movement.'"

In *Dinkel*, a woman was charged with raping an underage male victim. The woman countered that the alleged victim forcibly raped her and, even though rape of a child is a strict liability crime, she could not be liable because she committed a forced act, not a voluntary act. Our Supreme Court determined any evidence the woman was physically forced to commit sexual acts in which she "did not intend any of the bodily movements" was "legally relevant to the voluntary act requirement of rape of a child." 311 Kan. at 560. *Dinkel* is distinguishable. *Dinkel* involved a forcible rape—a felony involving specific bodily acts—whereas Cooper's misdemeanor conviction for knowingly possessing marijuana could be committed in multiple ways.

Cooper fails to acknowledge that when a case is tried on stipulated facts, those facts must be considered within their overall stipulated context. This means "that all of the facts and circumstances, including the reasonable inferences that can be drawn therefrom, must be considered." *State v. Darrow*, 304 Kan. 710, 716, 374 P.3d 673 (2016). Cooper stipulated he knowingly had joint or exclusive control over the marijuana with knowledge of or intent to have such control or knowingly keep the marijuana in a place where he had some measure of access and right of control. See K.S.A. 2021 Supp. 21-5701(q). That is, Cooper had control over the marijuana and was aware of the nature

7

of his conduct and the surrounding circumstances and aware his conduct was reasonably certain to lead to a certain result. It is unclear how Cooper could have such control and knowledge without acting voluntarily. When viewing the evidence in the light most favorable to the State, we can reasonably infer Cooper's personal behavior was voluntary because it was "'done by design or intention.'" See *Dinkel*, 311 Kan. at 559.

We affirm Cooper's convictions and sentences. However, we observe the journal entry of judgment reflects Cooper's conviction for possession of marijuana or THC but does not show the sentence imposed. Thus, we remand to the district court for a nunc pro tunc journal entry of judgment to reflect Cooper's sentence for misdemeanor possession of marijuana as pronounced on the record at sentencing.

Affirmed and remanded with directions.