IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,805

STATE OF KANSAS,
*Appellee*,

v.

JORDYN LAMONT COOPER,
*Appellant.*

SYLLABUS BY THE COURT

1.

When a trial proceeds on stipulated facts, appellate courts conduct a de novo review for sufficiency of the evidence, viewing the facts in the light most favorable to the State. When reviewing stipulated facts, the appellate court cannot ignore the circumstantial evidence presented by the stipulations and the inferences deducible therefrom.

2.

By entering into a stipulation of facts, the defendant is precluded from disputing the factual evidence contained in the stipulation.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 14, 2025. Appeal from Wyandotte District Court; ROBERT A. MARTINEZ and JENNIFER MYERS, judges. Oral argument held December 15, 2025. Opinion filed May 15, 2026. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Garett C. Relph*, deputy district attorney, argued the cause, and *Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Jordyn Lamont Cooper filed a petition for review with this court challenging his convictions for felony theft of a 2021 Kia Telluride and misdemeanor possession of marijuana. We granted Cooper's petition, in part, to consider his arguments challenging the Court of Appeals' decision affirming his felony theft conviction. See *State v. Cooper*, No. 127,805, 2025 WL 503266, at *4 (Kan. App. 2025) (unpublished opinion). Though our reasoning ultimately differs from that of the panel's, we affirm the judgment. *State v. Unruh*, 320 Kan. 260, 261, 565 P.3d 825 (2025) (affirming Court of Appeals as right for the wrong reason).

FACTS AND PROCEDURAL BACKGROUND

In August 2021, the State charged Cooper with felony theft of a 2021 Kia Telluride. As a result, Cooper entered into a diversion agreement with the State and made certain material factual stipulations. One of those factual stipulations was that "Cable Dahmer Kia" was the "owner" of the stolen vehicle. The district court properly held a diversion hearing and confirmed that Cooper understood the charges against him and the potential consequences of signing a diversion agreement. One consequence is that, if the defendant fails to fulfill the terms of the diversion agreement and the criminal proceedings on the complaint are resumed, those criminal proceedings "shall be conducted on the record of the stipulation of facts relating to the complaint." K.S.A. 22-2909(e).

Over a year later, the State filed a motion to revoke Cooper's diversion based on his failure to comply with its terms and conditions. The State alleged Cooper had failed to pay fees, failed to obtain a drug and alcohol evaluation, and failed to maintain employment or enrollment in school. Cooper later stipulated to these violations. In February 2024, the district court revoked his diversion agreement and found him guilty of felony theft based on the stipulations made in the diversion agreement. Cooper was sentenced to 12 months' imprisonment for theft, but the district court suspended the sentence and granted Cooper 24 months' probation. Cooper was also ordered to pay $5,380 in restitution.

Cooper appealed his felony theft conviction to the Court of Appeals, raising the same argument he raises before us. Cooper argues that the stipulated facts in his diversion agreement failed to establish, and therefore the State failed to present sufficient evidence, that Cable Dahmer Kia was a legal "owner" of the stolen Kia within the applicable statutory definitions. Cooper's argument relies on the fact that the stipulation did not state Cable Dahmer Kia's type of business entity or otherwise explain how Cable Dahmer Kia is a "person" legally capable of being an "owner."

ANALYSIS

"Challenges to the sufficiency of the evidence in a criminal case are reviewed in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt." *State v. Scheuerman*, 314 Kan. 583, 587, 502 P.3d 502 (2022). When a trial proceeds on stipulated facts, appellate courts conduct a de novo review for sufficiency of the evidence. 314 Kan. at 587. When reviewing stipulated facts, the appellate court cannot ignore the circumstantial evidence presented by the stipulations and the inferences deducible therefrom. *State v. Darrow*, 304 Kan. 710, 716, 374 P.3d 673 (2016).

Any stipulations of law, however, do not bind a court. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 400, 266 P.3d 516 (2011). "[A] party cannot concede or stipulate to an erroneous conclusion of law." *State v. Stoll*, 312 Kan. 726, 735, 480 P.3d 158 (2021) (although defendant may stipulate to existence of prior conviction, court is not bound as to *legal effect* of prior conviction).

Though Cooper readily admits he stipulated that Cable Dahmer Kia was an owner of the vehicle, he argues that the use of the word "owner" in his stipulation was colloquial, rather than legally significant. Cooper argues that determining whether Cable Dahmer Kia was an "owner" requires a legal conclusion that Cable Dahmer Kia is an entity which meets the statutory definition of a "person." We consider the exact language of Cooper's stipulation and the relevant statutory provisions below.

The stipulation at the heart of this appeal is:

"Upon a violation of the diversion agreement, the defendant stipulates . . . [t]he following crime or crimes have been committed:  K.S.A. 21-5801(a)(1) & (b)(2) Theft (Severity Level 7 Felony) . . . .

. . . .

"On August 13, 2021 in Wyandotte County, Kansas I, Jordyn Lamont Cooper, did unlawfully obtain or exert unauthorized control over property or services worth at least $25,000 but less than $100,000, to-wit:  black 2021 Kia Telluride . . . , *with the intention to deprive the owner, to-wit:  CABLE DAHMER KIA*, 400 NE Colbern Rd, Lee's Summit, MO 64086, permanently of the possession, use or benefit of said property." (Emphasis added.)

The offense of felony theft requires that the defendant has the "intent to permanently deprive *the owner* of the possession, use or benefit of *the owner's* property

4

or services." (Emphases added.) K.S.A. 21-5801(a). In the Kansas criminal code, "owner" is defined as "*a person* who has any interest in property." (Emphasis added.) K.S.A. 21-5111(s). A "person" is defined as "an individual, public or private corporation, government, partnership, or unincorporated association." K.S.A. 21-5111(t). Cooper argues that his stipulation does not identify what type of entity Cable Dahmer Kia is and therefore cannot create a sufficient basis to establish that Cable Dahmer Kia was a "person" under K.S.A. 21-5111(t). He therefore argues, absent an explicit finding that that Cable Dahmer Kia is a "person," there was insufficient evidence to legally conclude that Cable Dahmer Kia met K.S.A. 21-5111(s)'s definition of "owner."

Cooper continues that because he may not stipulate to a legal conclusion, his general "factual stipulation" cannot be transformed into a binding "legal stipulation." The State agrees with Cooper regarding the relevant law and that it had the burden to prove every element of the crime of felony theft. But the State argues that whether Cable Dahmer Kia was an "owner" is purely a question of fact, and therefore Cooper's "factual stipulation" was sufficient.

It is uncontested that the record on appeal is silent as to Cable Dahmer Kia's specific status as a business entity or as something else entirely. Because of this, the question we must address is whether Cooper's stipulation, on its own, was sufficient evidence of Cable Dahmer Kia's ownership of the vehicle.

Cooper's attempt to argue that "ownership" is a legal conclusion misses the mark. Cooper cites to *State v. Wilt*, 273 Kan. 273, 44 P.3d 300 (2002), for the proposition that the State must prove the definition of an element to prove that element. In *Wilt*, the central issue was whether leased park property was "school" property under the statute criminalizing the sale of marijuana within 1,000 feet of "school property." We held the State did not present sufficient evidence that the sale occurred near "school property" based on the specific applicable statutory definition. 273 Kan. 277. Cooper also cites two

Court of Appeals cases to support his position. See *State v. Witten*, 45 Kan. App. 2d 544, 551-52, 251 P.3d 74 (2011) (State failed to present sufficient evidence of methamphetamine sale within 1,000 feet of school as defined by statute); *State v. Star*, 27 Kan. App. 2d 930, 936, 10 P.3d 37 (2000) (jury cannot speculate or infer through own observations that structure complies with statutory definition of school).

None of the cases, however, involve *factual stipulations* and therefore present materially distinguishable legal issues from Cooper's appeal. Whether Cable Dahmer Kia was an "owner" of the vehicle is clearly a factual, rather than a legal, question. No legal analysis is necessary to determine whether Cable Dahmer Kia is an "owner" under K.S.A. 21-5111(s). Even Cooper's position in this appeal is rooted in an alleged insufficiency in the *factual* record. The question of Cable Dahmer Kia's ownership is the same type of routine factual question that fact-finders are tasked with answering all the time in courts. See generally PIK Crim. 4th 58.010 (2017 Supp.) ("The defendant is charged with theft. . . . To establish this charge, each of the following claims must be proved: 1. [Insert name] was the *owner* of the property." [Emphasis added.]).

Moreover, Cooper has conceded that his stipulation was effective to show that Cable Dahmer Kia had an "interest" in the vehicle. The word "interest" does not appear in the relevant stipulation and instead comes from the definition of "owner." K.S.A. 21-5111(s) ("owner" is defined as "a person who has *any interest* in property" [emphasis added]). We are baffled by the admission that Cooper's use of the word "owner" is a factual declaration sufficient to actually prove Cable Dahmer Kia's "interest" in the vehicle, yet somehow Cooper argues the use of the same word "owner" is an unsupported legal conclusion and insufficient to establish Cable Dahmer's "ownership." In short, Cooper's argument is internally inconsistent and he cannot have it both ways.

Cooper's stipulation closely tracks the statutory language of K.S.A. 21-5801(a) in describing Cable Dahmer Kia as the "owner" of the stolen property. K.S.A. 21-5801(a) is

6

even explicitly referenced in the factual stipulations. Given the context of the stipulation, it is a reasonable inference that the word "owner" in Cooper's stipulation is in fact a direct reference to K.S.A. 21-5801(a)'s language rather than some "other" more general use of the term.

"By entering into a stipulation of facts, the defendant is precluded from disputing the factual evidence contained in the stipulation." *State v. Bogguess*, 293 Kan. 743, 745, 268 P.3d 481 (2012). Put simply, Cooper stipulated to the fact that Cable Dahmer Kia was an "owner" as an element of K.S.A. 21-5801(a)(1). He may not now dispute the factual evidence contained in that stipulation, including Cable Dahmer Kia's ownership of the 2021 Kia Telluride.

Having determined that Cooper stipulated to Cable Dahmer Kia's ownership of the car, in the context of K.S.A. 21-5801(a)(1), we find sufficient evidence exists to support Cooper's conviction for felony theft, i.e., a rational fact-finder could have found Cooper guilty beyond a reasonable doubt. See *Scheuerman*, 314 Kan. at 587.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

LUCKERT, J., not participating.